UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CURTIS NEAL WELLS, | ) | CASE NO. C05-0988-TSZ-MAT |
| Petitioner, | ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION |
| ROB MCKENNA, | ) ) | |
| Respondent. | ) ) | |

### INTRODUCTION

Petitioner Curtis Wells is currently in the custody of the Washington Department of Corrections serving the community custody portion of a King County Superior Court judgment and sentence. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction on one count of indecent liberties. (Dkt. #1). Respondent has filed an answer to the petition, along with the state court record. (Dkt. #9, #12). Petitioner has not filed a response. Having considered the petition, answer, and the balance of the record, the court recommends that the petition be dismissed without prejudice.

### BACKGROUND

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

> In June 2001, Kimberly Miller made an appointment for a massage with Curtis Neal Wells, a licensed massage therapist, at his Kirkland office. Miller chose Wells from her preferred provider directory after a doctor prescribed massage therapy as

REPORT AND RECOMMENDATION
PAGE -1

treatment for back pain.

Miller arrived for her appointment, and, on Wells' advice, agreed to undergo a Hawaiian massage. Miller removed all her clothes except her underwear, laid face down on the massage table, and covered herself with a sheet. As the massage proceeded, Miller became concerned when she felt what she thought was Wells' penis rub against her hand. Miller raised her head and saw that Wells' pants had become unzipped. She gave Wells the benefit of the doubt, however, thinking his behavior possibly unintentional. Wells proceeded to touch Miller's breasts in a manner that made her extremely uncomfortable and repeatedly brushed off the small towel covering Miller's chest. The massage continued with Wells removing the sheet covering Miller's body and briefly touching her under her underwear. Wells then climbed onto the massage table and straddled Miller, pressing his thighs against her and rubbing her bottom. At this point, Miller realized that Wells had only his underwear on and that he was aroused.

Miller was shocked, but allowed Wells to complete the massage because she was afraid and believed that no one else was in the building. Miller returned home and called police, who arrested Wells. A jury convicted Wells of one count of indecent liberties.

*State v. Wells*, 118 Wash. App. 1061 (Unpublished Opinion, October 6, 2003) (Dkt. #12, Ex. 2).

Petitioner appealed to the Washington Court of Appeals and that court affirmed his conviction. (*Id.*) Petitioner sought review by the Washington Supreme Court; that court denied review. (Dkt. #12, Ex. 7). Petitioner filed the instant habeas petition in federal court on June 1, 2005. (Dkt. #1). Respondent filed his answer on August 17, 2005, and the matter is now ready for review.

## CLAIMS FOR RELIEF

Petitioner presents the following claims for relief in his habeas petition:

1. Denial of Assistance of Counsel.

2. Violation of Due Process Rights Prior to Arraignment and Trial.

3. Denial of Equal Protection.

(Dkt. #1 at 6-9).

## DISCUSSION

Respondent argues that the petition is subject to dismissal because (1) petitioner failed to name a proper respondent, and (2) petitioner failed to exhaust his claims in the state courts, and

REPORT AND RECOMMENDATION
PAGE -2

those claims are now barred from review in federal court. (Dkt. #9 at 6-8). While the record appears to support the latter of these two arguments, the court need only address respondent's initial argument that petitioner has failed to name a proper respondent.

Petitioner named Rob McKenna, Washington State Attorney General, as the sole respondent in his federal habeas petition. A petitioner for habeas corpus relief must name the officer having immediate custody of him or her as the respondent to the petition. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004), *citing* 28 U.S.C. § 2242; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994), *citing* Rule 2(a), 28 U.S.C. foll. § 2254. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley v. California Supreme Court*, 21 F.3d at 360. The Washington State Attorney General is not petitioner's current custodian. Rather, petitioner's current custodian is the individual responsible for supervising his current term of community custody. Petitioner raises no argument to the contrary.

Therefore, because petitioner has not named a proper respondent in his federal habeas petition, this court lacks jurisdiction over the petition. Accordingly, this court recommends that petitioner's federal habeas petition be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the court recommends that petitioner's petition for a writ of habeas corpus be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this  26th  day of September, 2005.

Mary Alice Theiler
United States Magistrate Judge